655 F.2d 159
 26 Fair Empl.Prac.Cas. 587,
26 Empl. Prac. Dec. P 32,013
Turner S. ROYAL, Appellant,
v.
MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, formerly
State HighwayCommission of Missouri, Appellee.
 No. 80-1981.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1981.
Decided Aug. 3, 1981.
 
 1
 Lawrence J. Altman, Clayton, Mo., argued, for appellant. Kenneth Romines, Clayton, Mo., on rebuttal.
 
 
 2
 John W. Koenig, Jr., Asst. Counsel, Kirkwood, Mo., argued, Carla Wood Tanzey, Sp. Asst., Mexico, Mo., for appellee.
 
 
 3
 Before HEANEY and HENLEY, Circuit Judges, and NICHOL,* Senior District Judge.
 
 
 4
 NICHOL, Senior District Judge.
 
 
 5
 Plaintiff/appellant Turner S. Royal appeals from the September 16, 1980 judgment of the district court[1] in favor of the defendant/appellee State Highway Commission of Missouri (Commission). We affirm in part and reverse and remand in part.
 
 
 6
 In his complaint Royal alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq. and the Civil Rights Act of 1870, 42 U.S.C. section 1981. More specifically, Royal, a black, alleged that the Commission promoted less qualified Caucasians to the position of maintenance foreman. He further alleged that at all times he was qualified and that the Commission refuses to promote him. It was also Royal's contention that the promotion procedures used by the Commission adversely impact upon blacks.
 
 
 7
 After a five day bench trial the district court found that although Royal's performance was entirely satisfactory, Royal had not made out a case of disparate treatment discrimination since he had not shown that he was qualified for the job of highway maintenance foreman as required by McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As to Royal's claim that the Commission's promotion procedures fall more harshly on blacks, the district court held that the statistics showed that blacks were not excluded by the Commission's promotion procedures at a substantially higher rate than whites. The district court relied on 1970 census figures for District six.[2] Those figures showed that blacks constituted 15.5% of the population of District six. The district court then looked to the percentage of minority promotions for the years 1975 through the first half of 1979. It found that although the figures for 1976 and 1977 were far below the percentage of blacks in the District's population, the figures for the years 1975, 1978 and the first half of 1979 showed the percentage of minority promotions to be 13.3%, 13.4%, and 12.0% respectively. Based on these promotion figures the district court found that minorities are not disproportionately denied promotion under the Commission's promotion procedures. Finally the district court held that since the Commission's actions were not based on any illegal discriminatory criteria Royal had not shown an intentional, deliberate and/or malicious violation of 42 U.S.C. section 1981.
 
 
 8
 Royal filed this timely appeal of the judgment of the district court. His appeal raises the following issues:1. Whether the district court properly interpreted the statistical evidence in its determination that the Commission's promotion procedures did not fall harshly on blacks?
 
 
 9
 2. Whether the district court properly concluded that the subjectiveness of the Commission's appraisal system inured to Royal's benefit?
 
 
 10
 3. Whether the district court erred in finding that Royal had not shown he was qualified for the position of highway maintenance foreman thus had not established a prima facie case of disparate treatment discrimination?
 
 
 11
 4. Whether the district court erred in concluding that Royal had not shown an intentional violation under 42 U.S.C. section 1981?
 
 Disparate Impact Theory[3]
 
 12
 To establish a prima facie case of disparate impact discrimination a claimant must demonstrate that "a particular practice in actuality 'operates to exclude Negroes...' " or "a facially neutral employment practice falls more harshly on one racial group." Kirby v. Colony Furniture Co., Inc., 613 F.2d 696, 703 (8th Cir. 1980), quoting Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971). Proof of discriminatory intent is not necessary under a disparate impact theory. Kirby v. Colony Furniture Co., Inc., supra.
 
 
 13
 The use of a promotion procedure may result in different promotion rates for whites and blacks. The difference, however, could be due to legitimate promotion procedures, racially discriminatory promotion procedures, or chance. Hameed v. Intern. Ass'n. of Bridge, Etc., 637 F.2d 506, 512 (8th Cir. 1980). If tests of statistical significance eliminate chance as a likely explanation for differential promotional rates, courts will presume that the disparate promotional rates are attributable to racially discriminatory selection criteria. Hameed v. Intern. Ass'n. of Bridge, Etc., supra at 513, citing Castaneda v. Partida, 430 U.S. 482, 496-97, 97 S.Ct. 1272, 1281-82, 51 L.Ed.2d 498 (1977); Hazelwood School District v. United States, 433 U.S. 299, 308-09 n.14, 97 S.Ct. 2736, 2742 n.14, 53 L.Ed.2d 768 (1977). A claimant can utilize statistics to establish a prima facie case of disparate impact discrimination. Hameed v. Intern. Ass'n. of Bridge, Etc., supra; Rice v. City of St. Louis, 607 F.2d 791 (8th Cir. 1979); Green v. Missouri Pacific R. R., 523 F.2d 1290 (8th Cir. 1975).
 
 
 14
 The statistical evidence in this case showed that blacks constituted 15.5% of the population of District six. The district court, however, in concluding that there was no significant statistical disparity between the population percentage and the promotion percentages relied on the percentage of minority promotions throughout the Commission which were approximately 13.0% for three years, although lower for the other years. This results in a distorted view of the actual disparity between population and promotion and we find it to be an erroneous interpretation of the statistical evidence. Had the district court, after finding the percentage of blacks in District six to be 15.5%, used the percentage of blacks receiving promotions in the Commission the statistical disparity between the percentages would have been much more substantial. For example, the percentage of minority promotions for the 12 foreman positions was found to be 162/3%. If the district court had looked solely at black promotions the figure would have been only 81/4%. The statistical disparity between a population percentage of 15.5% and a promotion percentage of 81/4% is significant.
 
 
 15
 In view of the fact that one of the twelve relevant positions was filled with a black person, however, we cannot say that the error in the district court's interpretation of the statistical evidence was more than harmless error. The use of such a broad statistical base to determine whether a promotional procedure of an organization that has promoted twelve people over a period of five years is racially discriminatory is questionable at best, and makes the possibility that there was discrimination one more of chance than as a result of a racially discriminatory promotion procedure. There appears to be little, if any, record basis for assuming that the total population of District six was interested, or, if so, qualified for the position of highway maintenance foreman. Rice v. City of St. Louis, 607 F.2d 791 (8th Cir. 1979). Finding no more than harmless error on the theory of disparate impact discrimination we affirm the district court's judgment.
 
 Disparate Treatment Theory
 
 16
 Although we affirm the district court's judgment on the theory of disparate impact discrimination we reverse and remand on the theory of disparate treatment discrimination.[4]
 
 
 17
 Disparate impact discrimination does not require proof of discriminatory motive; disparate treatment does. Such a showing is critical to establishing a case under disparate treatment. Teamsters v. United States, 431 U.S. 324, 335 n.15, 97 S.Ct. 1843, 1854-55 n.15, 52 L.Ed.2d 396 (1977), Kirby v. Colony Furniture Co., Inc., supra. "By making a prima facie case showing of disparate treatment," however, "Title VII plaintiffs raise an inference of 'discriminatory animus because experience has proved that in the absence of any other explanation it is more likely than not that those actions were bottomed on impermissible (i. e., racial) considerations'." Kirby v. Colony Furniture Co., Inc., supra, citing, Furnco Construction Co. v. Waters, 438 U.S. 567, 579-80, 98 S.Ct. 2943, 2951, 57 L.Ed.2d 957 (1978).
 
 
 18
 A prima facie case of disparate treatment requires that the plaintiff show 1) that he belongs to a racial minority; 2) that he applied and was qualified for the job; 3) that, despite his qualifications, he was rejected; 4) that the position remained open and others of similar qualifications were sought.[5] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); Kirby v. Colony Furniture Co., Inc., supra. Upon the establishment of a prima facie case of disparate treatment discrimination the burden then shifts to the employer to show that it based its employment decision on a legitimate consideration, and not an illegitimate one such as race. The employer need only articulate some legitimate, nondiscriminatory reason for its decision. McDonnell Douglas Corp. v. Green, supra; Kirby v. Colony Furniture Co., Inc., supra.
 
 
 19
 Viewing the evidence of Royal's performance appraisals, in connection with the other crew leaders who received promotions, it appears that Royal has made at least a prima facie showing of disparate treatment under the criteria set out in McDonnell Douglas Corp. v. Green, supra. The testimony and evidence showed, however, that for a position of leadership, such as foreman, the decision making process must become somewhat subjective at some point. This is especially true when qualities such as responsibility and leadership are being assessed. An employer need not promote someone who they do not feel is qualified. Heymann v. Tetra Plastics Corp., 640 F.2d 115, 123 (8th Cir. 1981). The testimony as to Royal's problems when serving as a temporary foreman, coupled with the complaints in his file are sufficient to rebut any prima facie showing of disparate treatment discrimination by demonstrating a legitimate, nondiscriminatory reason for Royal's treatment. Furnco Construction Co. v. Waters, supra; McDonnell Douglas Corp. v. Green, supra; Kirby v. Colony Furniture Co., Inc., supra.
 
 
 20
 The inquiry, however, must not end here. The plaintiff must be given an opportunity to show that the articulated justification is merely a pretext for discrimination. McDonnell Douglas Corp. v. Green, supra; McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); Kirby v. Colony Furniture Co., Inc., supra. On this point we remand to the district court to allow Royal to present evidence that the Commission's justifications for not promoting him were merely a pretext for discrimination. On remand the question before the court is whether the challenged employment practice is discriminatory. The burden is on the plaintiff to show this by a preponderance of the evidence. That burden does not, however, require a showing that the subjectiveness of the promotion procedures challenged here may never inure to one's benefit. Although not illegal per se, subjective promotion procedures are to be closely scrutinized because of their susceptibility to discriminatory abuse. Rogers v. International Paper Co., 510 F.2d 1340, 1345 (8th Cir. 1975). See also Williams v. Colorado Springs, Colo. Sch. Dist., 641 F.2d 835, 842 (10th Cir. 1981); Barnett v. W. T. Grant, 518 F.2d 543, 550 (4th Cir. 1975). The mere fact that the subjective process is intended to recognize merit does not necessarily alleviate its susceptibility to discriminatory abuse. When the evaluation is in any degree subjective and when the evaluators themselves are not members of the protected minority, the legitimacy and nondiscriminatory basis of the articulated reason for the decision should be subject to particularly close scrutiny by the trial judge. Page v. Bolger, 645 F.2d 227, 230 (4th Cir. 1981).
 
 
 21
 Because we affirm the district court on the theory of disparate impact and remand on the theory of disparate treatment discrimination, we express no opinion on the issue of whether there exists an intentional, deliberate, and/or malicious violation of 42 U.S.C. section 1981.
 
 
 22
 Affirmed in part, reversed and remanded in part.
 
 
 
 *
 Fred J. Nichol, Senior District Judge, District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Harris Kenneth Wangelin, Chief United States District Judge for the Eastern and Western Districts of Missouri
 
 
 [2]
 The State Highway Commission of Missouri divides the state into districts. Royal is employed in District six. Royal was not willing to move from his present place of residence if required for promotion but would consider anywhere within a fifty mile radius of the St. Charles-Wentzille area
 
 
 [3]
 The promotion procedures challenged here consist of an initial review of candidates who are generally crew leaders and formulation of a recommendation made by the maintenance area supervisor, the highway maintenance foreman's immediate supervisor. Formal notice of openings are not generally posted. The foreman and area supervisor's opinion, while not final, is relied upon heavily since they are in contact with the crew leaders on a daily basis. Thereafter, the maintenance superintendents and the district maintenance and traffic engineers review the promotional recommendations. They consider the performance appraisals on the candidates and talk to the people in the supervisory positions over the candidates. Ultimately the district operations engineer, the highest official in the district, makes the district's recommendation to department headquarters office. Final approval of the promotion is given by the Chief Engineer
 
 
 [4]
 A finding that there is no disparate impact discrimination has no effect whatsoever on the question of disparate treatment discrimination. The theories are considered alternative grounds for relief. Kirby v. Colony Furniture Co., 613 F.2d 696 (8th Cir. 1980); Wright v. National Archives & Records Service, 609 F.2d 702 (4th Cir. 1979)
 
 
 [5]
 As noted by the Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 n.13, 93 S.Ct. 1817, 1824 n.13, 36 L.Ed.2d 668 (1973), facts, and thus the prima facie elements, will vary with each case. In the present case applications were generally not taken for the position of foreman. Therefore, the fact that Royal did not actually fill out an application for the position of foreman is not fatal to his establishing a prima facie case of disparate treatment discrimination