549 F.Supp. 681 (1982)
Turner S. ROYAL, Plaintiff,
v.
STATE HIGHWAY COMMISSION OF MISSOURI, Defendant.
No. 79-43 C (1).
United States District Court, E.D. Missouri, E.D.
September 30, 1982.
*682 Lawrence J. Altman, Clayton, Mo., for plaintiff.
Bruce A. Ring, Chief Counsel, Jefferson City, Mo., Thomas H. Pearson, John W. Koenig, Jr., Asst. Counsels, Kirkwood, Mo., for defendant.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court upon remand from the Eighth Circuit Court of Appeals in order that plaintiff be allowed to present evidence on the theory of disparate treatment discrimination with regard to defendant's hiring procedures and practices as they affected plaintiff. "On this point we remand to the district court to allow Royal to present evidence that the Commission's justifications for not promoting him were merely a pretext for discrimination." Royal v. Missouri Highway and Transportation Commission, 655 F.2d 159, 164 (8th Cir. 1981).
A hearing was held before this Court on October 15, 1981 and plaintiff was allowed to present testimony, exhibits and any other evidence pertinent to the disposition of his disparate treatment claim.
Plaintiff's claim is grounded in Title VII of the Civil Rights Act of 1964, as amended, by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. Jurisdiction is provided for by 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e-5(f)(3). This cause derives from defendant's repeated failure to promote plaintiff to the position of highway maintenance foreman, although allegedly other less qualified white employees received these promotions ahead of him. After consideration of the testimony adduced at trial, the exhibits introduced into evidence, the briefs of the parties, and the applicable law, this Court hereby makes and enters the following findings of fact and conclusions of law. Any finding of fact equally applicable as a conclusion of law is hereby adopted as such and, conversely, any conclusion of law applicable as a finding of fact is adopted as such.

*683 Findings of Fact

1. Turner S. Royal has worked for the Highway Commission since August 1, 1966. Plaintiff began his work at the position of equipment operator. Plaintiff was promoted to a position of maintenanceman in 1967 and on August 1, 1968 was promoted to maintenance crew leader. Plaintiff has applied for and been rejected for three (3) of the twelve (12) openings defendant has had for the position of highway maintenance foreman. The other positions did not interest plaintiff since they would have involved transfers to other maintenance districts within the State of Missouri.
2. The articulated, legitimate and nondiscriminatory reason for the denial of this promotion to plaintiff was his poor work record, numerous complaints received when plaintiff was given temporary supervisory responsibilities (during his tenure as temporary shed foreman) and the number, character and severity of acts reported in records compiled and kept by defendant in plaintiff's file.
3. The maintenance area supervisor who was responsible for overseeing the work of plaintiff was Judge Schneider. He closely reviewed the progress of each maintenance crew leader in plaintiff's district and kept notes concerning errors in procedure and judgment made by the crew leaders, and other employees.
4. Plaintiff's file is replete with memos indicating poor management skills, the deviation from normal procedure concerning injury reports, the unapproved taking of sick days, numerous occasions of poor road patching work by plaintiff, improper equipment maintenance and operation, extended coffee breaks, a failure to report damage to bridge work done by a snow plow operated by plaintiff, poor performance of road and shoulder resurfacing tasks, and a failure to cooperate with other workers of his grade.
5. Other crew leaders were subject to the same reporting system and they also received negative reports in their files if their work performance so merited.
6. During his tenure as temporary shed foreman, plaintiff did not display good management skills or demonstrate an ability to motivate those in his charge. Numerous complaints were received by plaintiff's superiors from workers plaintiff was appointed to temporarily supervise.
7. Plaintiff was given an opportunity to explain his position as to each of the above reports and events. Ordinarily, plaintiff made no response to his superiors when afforded this opportunity, had no responsible explanation for his acts, and failed to establish the inaccuracy of the reports at trial. Plaintiff deserved and received low performance ratings by his superiors in comparison with other maintenance crew leaders vying for the promotion to maintenance foreman.
8. The evaluation process, including the subjective analysis by Royal's superiors of his (1) leadership ability, (2) his supervisory skills, (3) the effectiveness of his judgment, and (4) his willingness to cooperate and work with other fellow employees, was not a pretext for discrimination. Royal was subject to the same evaluation process as his peers and his work was scrutinized no more harshly than any other employee. The subjective elements of defendant's evaluation process were handled in an evenhanded manner, without regard to race. Royal has achieved a position commensurate with his skills and aptitude for work, he now seeks a position for which he is not qualified. Those employees promoted to the position plaintiff sought were more qualified in areas capable of both objective and subjective analysis.

Conclusions of Law
The Eighth Circuit Court of Appeals found that Royal established a prima facie case of disparate treatment under McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As such, plaintiff raises an inference of discriminatory animus "because as experience has proven that in the absence of any other explanation it is more likely than not that those actions were bottomed on impermissible (i.e. *684 racial) considerations. (citations omitted)". Royal at 163. The employer herein did articulate a legitimate, non-discriminatory reason for its decision to not promote Mr. Royal. While subjective evaluation of intangible qualifications, (i.e. judgment, responsibility, ability to motivate) becomes a part of the promotion process in the event a position of leadership is being sought, these qualities cannot be established in an easily quantifiable manner. Plaintiff's problems while working as a temporary foreman, as well as complaints in his file, demonstrate a legitimate non-discriminatory reason for the treatment of Royal. Nevertheless, "the inquiry does not stop here. Plaintiff has to be given the opportunity to show that the articulated justification is merely a pretext for discrimination. (citations omitted)". Royal at 164.
Royal has had the opportunity to establish that the Commission's justification for not promoting him was merely a pretext for discrimination, plaintiff having the burden of showing this by the preponderance of the evidence. This Court has scrutinized the operation of defendant's subjective evaluations and how they contributed to the over-all promotional progress due to their susceptibility to discriminatory abuse. Rogers v. International Paper Company, 510 F.2d 1340, 1345 (8th Cir.1975); Williams v. Colorado Spring, Colorado School Dist., 641 F.2d 835, 842 (10th Cir.1981).
The Supreme Court in McDonnell Douglas v. Green, supra, provided guidance to courts in determining whether the legitimate, non-discriminatory reason given by an employer for its facially discriminatory acts is, in fact, a pretext for prohibited discrimination. Indications of the presence of a pretext are the different treatment of whites who are engaged in the same behavior or have similar work records, the treatment of the plaintiff during his term of employment, defendant's reaction to plaintiff's attempts to enforce his rights by filing a complaint with the E.E.O.C., and defendant's general policy and practice with respect to minority employment including statistical evidence, Green 411 U.S. at 804-805, 93 S.Ct. at 1825. Of course, the Highway Commission's use of subjective standards (in denying Royal's promotion) merits this Court's particularly intense scrutiny.
Each person promoted to the position plaintiff sought had higher qualifications by both subjective and objective measures. The process and practice of the Commission in determining who received the promotion to maintenance crew chief were applied to all candidates in evenhanded manner, all employees were subject to the same note-taking and filing of area supervisors and these procedures did not operate to discriminate against plaintiff on any basis other than his inability to adequately perform tasks similar to those which he would be required to perform if elevated to the position of maintenance crew chief. No probative evidence was offered by plaintiff, either at the original trial or on remand, which would indicate that any act was ever taken against plaintiff to deny him any rightfully earned benefit on account of his race.
The evaluation process employed by the Highway Commission, and in particular its operation in regards to plaintiff, Turner Royal, was not a mere pretext for discrimination. Plaintiff has failed to establish that, even with the aid of this Court's close scrutiny of the subjective aspects of the process, that he was the victim of race discrimination. The substance and accompanying candor of all the testimony received at trial from all defendant's supervisory employees charged with evaluation of plaintiff's work record and his capability of handling the tasks assigned to a maintenance crew leader, as well as the paucity of material testimony heard on remand, indicate that race was not a factor in defendant's promotional decision. Page v. Bolger, 645 F.2d 227, 230 (4th Cir.1981).
Plaintiff has failed to establish an intentional, deliberate and/or malicious violation of 42 U.S.C. § 1981 and as such judgment will be entered on defendant's behalf.