**Turner S. ROYAL, Appellant,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellee.**

**No. 82–2305.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1983.

Decided Aug. 26, 1983.

Bruce A. Ring, Chief Counsel, John W. Koenig, Jr., Asst. Counsel, Sikeston, Mo., for appellee.

Lawrence J. Altman, Clayton, Mo., for appellant.

Before ROSS and McMILLIAN, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

This is an employment discrimination action brought under both Title VII, 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. § 1981 by Turner S. Royal against his employer, the Missouri Highway and Transportation Commission (the Commission). Royal claims that the Commission has refused to promote him to the position of highway maintenance foreman because he is black. The case is before this circuit for the second time. Following the initial bench trial, Royal appealed the district court's judgment in favor of the Commission, 549 F.Supp. 681. This circuit affirmed the district court's judgment for the Commission on Royal's disparate impact theory, but remanded the case for further consideration of an aspect of Royal's theory that he was subjected to disparate treatment. *Royal v. Missouri Highway and Transportation Commission,* 655 F.2d 159 (8th Cir.1981). In particular, the circuit court remanded "to allow Royal to present evidence that the Commission's justifications for not promoting him were merely a pretext for discrimination." *Id.* at 164. Following a hearing upon remand, the district court, 504 F.Supp. 133, again entered judgment for the Commission and Royal again appeals. We affirm.

Royal contends on this appeal that the district court erred at the hearing upon remand by refusing to admit evidence relating to events predating the original trial. Following oral argument, this court ordered Royal to file a supplemental brief "detailing the additional evidence relevant to discrimination predating the original trial of this case, which was not contained in the original trial record, and which was purportedly improperly excluded by the district court at the October 15, 1981 hearing." Order of June 17, 1983.

We conclude that the district court did not limit the introduction of evidence by Royal in any manner which prejudiced him from attempting to show that the Commission's failure to promote him was based on reasons which were a pretext for racial discrimination. The district court ruled at the hearing that "all testimony in the transcript from the previous hearing that can be

---

* The Honorable WILLIAM C. HANSON, United States Senior District Judge for the Northern

and Southern Districts of Iowa, sitting by designation.

applicable to this matter in any way, shape, form or fashion will be reincluded." Transcript (T.) at 4. Subsequently, Royal attempted to testify about other employees who were promoted and who had evaluation records that were either comparable or lower than Royal's evaluations. These matters were explored at the original trial, the Commission objected to their reintroduction at the hearing and the district court properly sustained the objection.[1] The subsequent offer of proof by Royal's attorney indicated that Royal would have testified "that he is aware of individuals who are of Caucasian race who were promoted ahead of him who had work records and evaluations of lower degree and lower gradings than him." T. at 11.

 We trouble to set these matters out because on appeal Royal's argument takes on an entirely different cast. He argues before this court that the district court prevented him from introducing evidence that rebutted the negative evaluation reports on Royal that were made by various supervisors. While such evidence may well have been relevant to the issue of pretext, our review of the hearing transcript indicates that no attempt was made by Royal to introduce the evidence at the hearing. If the above-cited offer of proof by Royal's attorney was intended to apprise the district court of Royal's desire to introduce such evidence, then it was clearly inadequate. Thus the omission of this evidence from the hearing upon remand is not to be blamed upon the district court's proper limitation of redundant evidence. Rather the fault lies with Royal for failing to present such evidence when given the opportunity.[2]

Royal also argues that the district court failed to scrutinize the Commission's articulated nondiscriminatory reasons for not promoting him in accordance with this circuit's mandate. On the initial appeal, the circuit court cautioned that "[w]hen the [employee] evaluation is in any degree subjective and when the evaluators themselves are not members of the protected minority, the legitimacy and nondiscriminatory basis of the articulated reason for the decision should be subject to particularly close scrutiny by the trial judge." *Royal, supra,* 655 F.2d at 164. The district court concluded that "[e]ach person promoted to the position plaintiff sought had higher qualifications by both subjective and objective measures." We hold that the district court showed proper sensitivity to the subjective component of the Commission's promotion process in accordance with the mandate of this circuit.[3]

Accordingly, we affirm the judgment of the district court.

---

1. The hearing transcript clearly reflects that Royal and his attorney knew that they were attempting to tread on well-worn ground:

   Q. Mr. Royal, as you may recall we heard testimony at the prior hearing in reference to various evaluations of individuals who were and were not promoted. Do you recall that?
   A. That's right.
   Q. Do you recall that, sir?
   A. Right.
   Q. And there was evidence as to your own evaluation; is that correct, sir?
   A. That's correct.
   Transcript at 10.

2. We further note that the evidence purportedly rebutting various negative reports lodged against Royal addresses only some of those reports. Even if Royal had introduced this omitted evidence at the hearing, a number of negative reports would have remained unrebutted.

3. The district court observed:

   Plaintiff has failed ·to establish that, even with the aid of this Court's close scrutiny of the subjective aspects of the process, ... he was the victim of race discrimination. The substance and accompanying candor of all the testimony received at trial from all defendant's supervisory employees charged with evaluation of plaintiff's work record and his capability of handling the tasks assigned to a maintenance crew leader, as well as the paucity of material testimony heard on remand, indicate that race was not a factor in defendant's promotional decision.