**Julia A. STRONG, Appellant,**

v.

**MERCANTILE TRUST COMPANY, N.A., Appellee.**

No. 86–1028.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1987.

Decided April 17, 1987.

Rehearing Denied May 19, 1987.

---

Joel A. Montgomery, Jr., St. Louis, Mo., for appellant.

Harold I. Elbert, St. Louis, Mo., for appellee.

Before ARNOLD, JOHN R. GIBSON and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Julia Strong appeals from adverse judgments on her claims of employment discrimination under 42 U.S.C. § 1981 (1982) and Title VII[1] against her former employer, Mercantile Trust Company. The sole issue she raises on appeal is whether the district court[2] erred in excluding testimony relating to discussions between Strong and various Mercantile officials that occurred at an Equal Employment Opportunity Commission (EEOC) factfinding conference. She argues that the exclusion of this testimony justifies a new trial on both of her claims. We affirm, concluding that no reversible error was committed.

Strong, a black female, worked for Mercantile as a computer operator. In October, 1980 she received a favorable performance evaluation in which her supervisor, Ed Snell, recommended the position of senior computer operator as a possible future assignment, and suggested to her that she receive the necessary computer training.

In May, 1981 Strong told Snell that she wanted a promotion to senior operator and Snell replied that he was considering promoting a black male and a white female, but he was not considering Strong for the position. Snell testified that on several previous occasions he had told Strong that she needed additional computer skills to be a senior computer operator, but that she never took advantage of the opportunities to acquire these skills. Strong complained to Snell and other management employees that the promotion plan was discriminatory and told them that she was going to contact the EEOC.

Shortly after Strong's request for a promotion, Snell began to keep a record of Strong's errors. Between May 27 and June 3, Snell catalogued at least five incidents, ranging from leaving the computer room unattended and taking long lunch hours to committing errors in operating the computer. Snell cited Strong twelve times in the last five months of her employment. Strong never signed these citations, nor were they placed in her file. Snell testified they were not reprimands, but simply were used by him in making evaluations.

In August, 1981 Strong filed a complaint with the EEOC. On October 26, 1981 Strong and several management employees of Mercantile attended an EEOC factfinding conference. On November 5, nine working days after the factfinding conference, Strong was discharged by the same employees who had attended the conference. In her complaint before the district court, Strong alleged this was a retaliatory discharge in violation of 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 2000e–3(a). Following a three day trial on Strong's section 1981 claim, the jury returned a verdict in favor of Mercantile. Subsequently, the district court considered Strong's Title VII claim and also ruled in Mercantile's favor. This appeal followed.

---

1. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e–17 (1982). Strong's Title VII claim was tried to the bench; her section 1981 claim was tried to the jury.

2. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

Before the trial, Strong moved to exclude evidence of the EEOC determination in the case, and the district court exercised its discretion to do so. *See Johnson v. Yellow Freight System, Inc.,* 734 F.2d 1304, 1309 (8th Cir.), *cert. denied,* 469 U.S. 1041, 105 S.Ct. 525, 83 L.Ed.2d 413 (1984). At trial, the district court, over Strong's objection, refused to permit her to testify as to what was said at the EEOC hearing. Apparently in reference to its earlier ruling concerning the EEOC determination, the court stated that it had "already ruled [that what happened at the hearing] is of no concern to this jury." Tr. at 75. Strong contends this latter ruling was in error.

■ Certainly under some circumstances this evidence might have been admitted. In a claim for retaliatory discharge, discussions between the plaintiff and the defendant are relevant if they support the inference that the defendant decided to terminate the plaintiff to retaliate for her complaints about discrimination. *See Sisco v. J.S. Alberici,* 655 F.2d 146, 150–51 (8th Cir.1981), *cert. denied,* 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982) (crucial issue in a claim of retaliation under Title VII and section 1981 is whether employer's decision is motivated by a desire to retaliate because the employee objected to what he believed was racial discrimination). The exclusion of the final EEOC determination, perhaps because its probative value was outweighed by its prejudicial effect, does not automatically mandate the exclusion of discussions between the plaintiff and defendant that happened to occur at an EEOC factfinding hearing.

■ We are met at the outset, however, with the troublesome question as to whether Strong made an offer of proof sufficient to preserve the alleged error. Error may not be predicated upon a ruling excluding evidence unless a substantial right of the party is affected and "the substance of the evidence was made known to the court by offer [of proof] or was apparent from the context within which questions were asked." Fed.R.Evid. 103(a)(2). We believe that her offer of proof was at best ambiguous.[3] Strong now asserts that during the factfinding hearing Bill Coleman, one of those who made the decision to terminate Strong, became "visibly outraged" by her comments about discrimination, and that this evidence was essential in proving intentional retaliation. However, this was not part of her offer. There was nothing in the offer that would apprise the district court that the proffered testimony was anything but cumulative. The judge permitted Strong to show that she filed a complaint alleging discrimination, that the EEOC held a factfinding hearing, that the persons she claimed discriminated against her were present at the hearing, and that those same persons fired her nine days later. *See* Tr. at 77, 79. Based on the offer of proof, the proffered testimony

---

3. The court interrupted Strong's testimony when she began to describe the EEOC proceedings. In a conference at the bench the following discussion took place:

[STRONG'S COUNSEL]: I want to establish that certain words were said at that factfinding hearing which might give rise to the resumption [sic]—
THE COURT: Now, I will not allow you to do that. * * * You may not show what happened or what was said then. On that, you make your offer of proof, and I may change my ruling.

\* \* \* \* \* \*

THE COURT: If you are allowed to offer testimony, your testimony would show what?
[STRONG'S COUNSEL]: My testimony would show that Julia, at that factfinding hearing, related information that was pertinent to her belief that she had been discriminated against; and leveled various charges against the individuals present at that hearing. Later, those various people that were at that hearing, were, indeed, the same people that discharged her. What I'm trying to establish is a link between what they heard, which might give rise to motivation, that they discharged her in retaliation.
THE COURT: I'll allow you to show that she filed a complaint alleging racial discrimination, and that the persons who she claimed discriminated against her at the Mercantile Bank, were present, and you can show that. You are not allowed to show the details of what was said, or what the Administrative Hearing Officer said, or anything like that. But you can show she filed a complaint. Persons present were those persons against whom she filed the complaint. You are entitled to show that.
Tr. at 76–77.

would add nothing to what had been admitted.

In *Royal v. Missouri Highway & Transportation Commission,* 714 F.2d 867 (8th Cir.1983), we held an offer of proof inadequate when the argument on appeal took on "an entirely different cast" from that of the offer. *Id.* at 869. We noted that the offer of proof failed to apprise the district court of the nature of the evidence sought to be admitted, and held that the omission of this evidence "is not to be blamed upon the district court's proper limitation of redundant evidence." *Id.*

■■■■ The district court's statement to Strong's counsel that the court might change its ruling based upon the presentation of the offer of proof underscores the importance of expressing precisely the substance of the excluded evidence.[4] The purpose of the offer of proof is to allow both the trial court and the appellate court on review to ascertain whether excluding the evidence caused any prejudice to the appellant. *See Thomas v. Wyrick,* 687 F.2d 235, 239 (8th Cir.1982), *cert. denied,* 459 U.S. 1175, 103 S.Ct. 824, 74 L.Ed.2d 1020 (1983); *see also* 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 103[03] (1986). In this case, the colloquy between counsel and the district court was not sufficient to make known to either the district court or this court why exclusion of the evidence was in error.

■■■ We need not rest our decision solely on this basis, however, because we are convinced that it was harmless error to exclude this evidence. *See* Fed.R.Civ.P. 61. Strong's only argument as to why the ruling was prejudicial is that at the EEOC hearing she made various comments about discrimination which visibly outraged Bill Coleman, one of the defendant's employees who took part in the decision to fire her. Based on the record, we cannot see where the refusal to admit this testimony is inconsistent with substantial justice. *See id.; Hogan v. Am. Tel. & Tel. Co.,* 812 F.2d 409, 410 (8th Cir.1987) (per curiam) (even with a

clear showing of abuse, the error must have affected the parties' substantial rights to warrant reversing the district court). The jury already knew that Strong leveled charges at the supervisors who were present at the EEOC hearing; investigating these charges was the very purpose of holding the hearing. Strong does not contend that her testimony would have revealed that any of the defendant's employees made any statements at the hearing indicating they were angry. Perhaps Strong's testimony as to Coleman's appearance would have strengthened the inference of retaliation, but we believe that it is just as plausible that a factfinder would assume, as a matter of common sense, that an individual might appear angry when charges are leveled at him or her.

Moreover, Mercantile produced overwhelming evidence showing that Strong was discharged for legitimate reasons. The evidence showed that Strong made several major computer errors that created havoc in the entire system; that, in violation of the computer operations rules, she disappeared from the computer area leaving the computers unattended; that she claimed a medical impairment prevented her from lifting computer paper when in fact she had no such disability; that she took extended lunch hours; and that she quit work early, leaving extra work over for the next shift. Considering the strength of this evidence, we cannot conclude that Strong was prejudiced by any error in excluding this testimony.

The judgment is affirmed.

---

4. Counsel may accomplish this by stating with specificity what he or she anticipates will be the witness' testimony or, at the trial court's discretion, by putting the witness on the stand, outside the presence of the jury, and eliciting responses in a question and answer format.