**Mark CHRISTINSON and Denise Christinson, Appellants,**

v.

**BIG STONE COUNTY CO–OP, A Minnesota Cooperative Association, Appellees.**

**No. 93–1750.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1993.

Decided Jan. 6, 1994.

Rehearing Denied Feb. 4, 1994.

---

Eric John Magnuson, Minneapolis, MN, argued (Eric J. Magnuson, Amy K. Adams and Michael J. McGuire, on the brief), for appellants.

Jeffrey R. Hannig, Moorhead, MN, argued, for appellees.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge and WOODS,* District Judge.

HENRY WOODS, District Judge.

## I. FACTS

This is a diversity case brought by North Dakota citizens and residents against a Minnesota cooperative association. Plaintiff Mark Christinson, a commercial painter, claimed personal injuries caused by the inhalation of anhydrous ammonia released from a nurse tank at defendant's facility in Clinton, Minnesota, on June 22, 1987. His wife, Denise Christinson, sues for loss of consortium. An anhydrous ammonia nurse tank is a pressurized cylindrical tank mounted on a trailer. The nurse tank is towed to the cooperative member's farm where an applicator is used to combine it with the soil. Such an application is harmless because the fertilizer is thoroughly and immediately absorbed. However, when anhydrous ammonia is released into the atmosphere, it is a dangerous substance, which can burn the skin and eyes on contact and cause damage to the respiratory system upon inhalation.

To be stored and transported at normal temperatures anhydrous ammonia must be contained in a pressurized vessel. The nurse tanks are equipped with high pressure relief valves, which are designed to vent excess gas to the atmosphere when pressure within the tanks becomes dangerously high.

Plaintiff testified that while he was painting the top of a nurse tank with a pressure activated paint gun, there was a sudden release of anhydrous ammonia from the relief valve of the tank he was painting or an adjacent tank. At this time, he was standing on one of the tires of the trailer in order to reach the top of the tank. He smelled the ammonia, felt it on his face and hands, lost his breath and balance and fell to the ground.

---

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

He has had severe respiratory problems since the incident. Plaintiff adduced medical testimony that he would be unable to return to his former occupation and that his injuries are permanent. He has drawn approximately $106,457.00 in past workmen's compensation benefits and settled future benefits prior to the trial for a lump sum of $70,000. As part of this settlement, the employer assigned his third party tort rights against the defendant Big Stone County Co-op to the plaintiff, Mark Christinson. In return, plaintiff gave up his rights to future benefits and agreed to indemnify his employer in any third party action against the latter.

Plaintiff's tort cause of action was based on strict liability under the Minnesota Environmental Response and Liability Act (hereinafter MERLA), Minnesota Stat. 115B.01, et seq. This statute imposes strict liability on parties responsible for the release of hazardous substances. The Minnesota Comparative Fault Statute explicitly applies to actions brought under MERLA.[1] After a week long jury trial,[2] a verdict was returned in favor of Mark Christinson in the sum of $446,582.81 and in favor of Denise Christinson in the sum of $25,000.00. This appeal, from a judgment rendered on the verdict, raises two points for reversal. One, the trial court committed a reversible error in failing to submit the comparative fault of Christinson and his employer, Valley Refinishing, to the jury. Two, the trial court erred in not deducting workmen's compensation benefits from the judgment.

## II. COMPARATIVE FAULT ISSUE

■ Defendant contends that plaintiff was furnished a mask by his employer and his failure to wear it at the pertinent time made a jury issue on comparative fault. Plaintiff's counsel foresaw the possibility of this issue being raised and on July 1, 1992, filed a motion in limine to exclude any testimony on failure to wear the mask. No response was made to this motion until the first morning of the trial, October 19, 1992. The motion was provisionally granted with the court noting it had not had the opportunity to read the defendant's brief which had just been received. Defendant at this time and thereafter during the trial, failed to submit an offer of proof that failure to wear the mask constituted fault which contributed to Mark Christinson's injuries.

In a pre-trial deposition, plaintiff's employer had testified that he had furnished plaintiff with a mask which would have protected him from the injurious effects of inhaling anhydrous ammonia. This deposition was not made a part of the trial record. It was not part of any offer of proof. The docket sheet shows that the deposition was filed with the Clerk on October 27, 1992 and entered on October 28, 1992, after the verdict had been rendered and the trial concluded on October 26, 1992. Defendant's position that this deposition should have been considered during the trial of this cause is contrary to the Federal Rules of Evidence,[3] and contrary to prior authority in this court. In *Thomas v. Wyrick*, 687 F.2d 235 (8th Cir.1982), the court stated the two purposes which are served by an offer of proof: "(1) to inform the court and opposing counsel of the substance of the excluded evidence, enabling them to take appropriate action; and (2) to provide an appellate court with a record allowing it to determine whether the exclusion was erroneous and whether appellant was

---

1. The Minnesota Comparative Fault Statute is modeled on the New Hampshire Act. It permits a claimant who is equally at fault to recover. It applied *inter alia* to conduct that is negligent, reckless, and which subjects a party to strict liability. Fault also includes an unreasonable failure to avoid an injury or to mitigate damages. Minn.Stats. Sections 604.01, *et seq.*

2. By agreement of the parties, the case was tried by the Honorable J. Earl Cudd, Magistrate Judge for the District of Minnesota.

3. Rule 103(a)(1) and (2) of the Federal Rules of Evidence provides:

(a) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

prejudiced by the exclusion." *Id.* at 239. *See also Strong v. Mercantile Trust Co., N.A.,* 816 F.2d 429, 431 (8th Cir.1987). "Error may not be predicated upon a ruling excluding evidence unless a substantial right of the party is affected and 'the substance of the evidence was made known to the court by offer [of proof].... Fed.R.Evid. 103(a)(2).'" *Id.* at 431.

■ Defendant at the instruction conference asked that the jury be instructed on comparative fault, without submitting the text of a proposed instruction or comparative fault interrogatories. The record is devoid of evidence which would justify such an instruction. It is clear that evidence supporting the submission of comparative fault to the jury must exist before the trial court is required to give such an instruction. *Independent School District No. 622 v. Keene Corp.,* 495 N.W.2d 244, 250 (Minn.App.1993), *see also, Federal Enterprises, Inc. v. Greyhound Leasing and Financial Corp.,* 786 F.2d 817, 820 (8th Cir.1986). For the first time in his appellate brief, defendant argues that plaintiff was at fault in painting while standing on a trailer tire and in smoking cigarettes. His employer was at fault in not using a primer in painting the tank which would have absorbed more heat and possibly prevented the release from the relief valve. These comparative fault issues were not raised in the court below. If his request for an instruction on comparative fault was based on these contentions, a record should have been made when the court declined to instruct on comparative fault. Such a record is required when an instruction is refused.[4] "An objection to the failure to give a requested instruction must be 'sufficiently specific to bring into focus the precise nature of the alleged error.'" *Johnson v. Houser,* 704 F.2d 1049, 1051 (8th Cir.1983) citing *Wilson v. Crouse–Hinds Co.,* 556 F.2d 870, 875 (8th Cir.1977) (en banc), *cert. denied,* 434 U.S. 968, 98 S.Ct. 513, 54

L.Ed.2d 455, which repeats the above quotation from *Palmer v. Hoffman,* 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645 (1943).

## III. ASSIGNMENT OF WORKMEN'S COMPENSATION SUBROGATION

■ Six months before trial, plaintiff Mark Christinson for $70,000 settled his worker's compensation claim with his employer in return for relinquishing future benefits and indemnifying his employer in any third party action by defendant. Plaintiff received an assignment of his employer's subrogation interest in workmen's compensation benefits paid by the employer. Such an assignment is permitted under Minnesota law. *Buck v. Schneider,* 413 N.W.2d 569 (Minn.App.1987). *See also Kohn v. La Manufacture Francaise des Pneumatiques Michelin,* 476 N.W.2d 184, 190 (Minn.App.1991). *Austin v. State Farm Mutual Insurance Co.,* 486 N.W.2d 457, 460 (Minn.App.1992).

Contrary to defendant's position, these cases hold that the Minnesota Collateral Source Statute does not apply when a subrogation interest is involved. Minn.Stat. Section 548.36 subds. 2, 3(a) (1986). There is no windfall or double recovery for plaintiff in this case. Plaintiff gave up valuable benefits to obtain the assignment in question. The following quotation from *Buck v. Schneider, supra,* is significant. "Buck contends that he had to accept a lower cash settlement of his worker's compensation claim in exchange for an assignment; this is presumably true, since the subrogations rights were valuable to the employer/insurer. The assignment was therefore not a sham transaction and giving effect to it under the statute does not result in a windfall to Buck." *Id.* at 572. Obviously there was no "double recovery" either under MERLA or the Minnesota Collateral Source Statute. The Court did not err in refusing to deduct the worker's compensation

---

4. Rule 51 of the Federal Rules of Civil Procedure provides:

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.

The court, at its election, may instruct the jury before or after argument, or both. No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.

assignment from plaintiff's recovery. The judgment is affirmed.