**Jane E. PORTER–COOPER,**
Plaintiff–Appellant,

v.

**DALKON SHIELD CLAIMANTS TRUST, Defendant–Appellee.**

No. 94–1887.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1994.

Decided Jan. 9, 1995.

James E. Lownsdale, St. Louis, MO, argued, for appellant.

Harvey L. Kaplan, Kansas City, MO, argued (Scott William Sayler, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, Circuit Judge, and REAVLEY,* Senior Circuit Judge.

PER CURIAM.

Jane Porter–Cooper sought damages from the Dalkon Shield Claimants Trust (DSCT) for injuries allegedly sustained from two Dalkon Shield intrauterine devices she wore. The jury found that the devices had caused injury to Porter–Cooper and awarded damages. She appeals, arguing that the trial court erred in limiting the issues tried to the jury and excluding certain evidence. We affirm.

## BACKGROUND

Porter–Cooper wore two Dalkon Shields from 1971 to 1976. She suffered bouts of pelvic inflammatory disease and underwent a hysterectomy. She sued the manufacturer of the device, A.H. Robins Company. Robins filed bankruptcy as a result of Dalkon Shield litigation. The DSCT was created to handle claims relating to the Dalkon Shield. By bankruptcy court order claimants were not allowed to seek punitive damages from the DSCT. Porter–Cooper amended her pleadings to substitute the DSCT as defendant and to delete her claims for punitive damages. She does not claim that the bankruptcy court order is invalid or that it does not limit her recovery to actual damages.

At trial Porter–Cooper claimed that the Dalkon Shields had caused her infections. The DSCT claimed that Porter–Cooper's infections were caused by venereal diseases. It also claimed that the hysterectomy was elective surgery not mandated by the use of the Dalkon Shields, and that Porter–Cooper, unmarried with two children at the time, did not want to have any more children. The jury awarded $20,000 in damages.

## DISCUSSION

■ The DSCT filed a "motion in limine to narrow the factual issues and expedite trial," which the court granted. The motion offered to withdraw Defendant's statute of limitations defense and relieve plaintiff of the burden of proving a tort, and asked that the trial evidence be limited to the issues of causation and damages. Porter–Cooper complains of the court's pretrial order which so limited the trial to medical causation and damages. The order is consistent with Federal Rule 16(c), which authorizes the court to "take appropriate action with respect to . . . the formulation and simplification of the issues . . . [and] the avoidance of unnecessary proof and of cumulative evidence. . . ." The timing and extent of Robins' knowledge of Dalkon Shield problems was not relevant in a case where punitive damages were not recoverable, limitations was not a defense, and the claim was premised on strict product liability.

■ Couching her argument as a denial of her constitutional right to trial by jury, Cooper complains that she was not allowed to prove that Robins was aware of the dangers and problems with the Shield long before it was removed from the market, after pressure from the FDA. She wanted to present a "Dalkon Shield history" of these events, in exhibits excluded by the court. The exhibits consist of chronologies of events presented in an abbreviated form. They are allegedly based on Robins' documents. Cooper claims that these exhibits would have greatly bolstered her proof of causation. Even if these summaries were admissible, their exclusion

* The HONORABLE THOMAS M. REAVLEY, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

was at most harmless error, since the jury went with her on causation.

Cooper also complains that the court erroneously excluded the testimony of two experts. Dr. Swan, according to Porter–Cooper, was going to testify on the relationship between Dalkon Shield use and the incidence of pelvic inflammatory disease and hysterectomy. Since such testimony goes to causation, its exclusion, again, was at most harmless error. Porter–Cooper argues that the second expert, Dr. Sweet, was both a causation and damage expert, but gives no explanation of how the second expert would have increased the damages awarded. Under FED.R.EVID. Rule 103 error may not be predicated on the exclusion of evidence unless there is an offer of proof providing the substance of the excluded evidence. Porter–Cooper made no such offer. She contends that her pretrial designation of Dr. Sweet's expected testimony suffices. Regarding damages, the designation states only that Dr. Sweet "may testify concerning the cause and effect of plaintiff's PID in 1971 and her PID in 1976." Such a statement is not an adequate offer of proof. An offer of proof is inadequate if "[t]here is nothing in the offer that would apprise the district court that the proffered testimony was anything but cumulative." *Strong v. Mercantile Trust Co.*, 816 F.2d 429, 431 (8th Cir.1987), *cert. denied,* 484 U.S. 1030, 108 S.Ct. 759, 98 L.Ed.2d 771 (1988). Instead, the offer must express "precisely the substance of the excluded evidence," which counsel accomplishes "by stating with specificity what he or she anticipates will be the witness' testimony" or by putting the witness on the stand. *Id.* at 432 & n. 4.

AFFIRMED.