UNITED STATES of America, Appellee,

v.

Roger YARNS, Appellant.

No. 86–1105.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1986.

Decided Feb. 10, 1987.

R. Thomas Day, Asst. Federal Public Defender, St. Louis, Mo., for appellant.

J. Bennett Clark, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and HUNTER,* Senior District Judge.

ARNOLD, Circuit Judge.

Roger Yarns was convicted of conspiracy to counterfeit United States currency, a violation of 18 U.S.C. § 371, and acquitted on a charge of counterfeiting. He was sentenced to three years in prison. Yarns presses two arguments for reversal on appeal. First he claims that the District Court[1] erred by excluding part of his cross-examination of a government witness, David White, into illegal activities associated in the past with White's farm. Second, Yarns argues that the Court erred by permitting the government to introduce statements he had made touting his proficiency for lying, which, he boasted, would enable him to "look the judge in the eye and make him think he was telling the truth." We affirm.

### I.

The government's evidence showed that Yarns, White, and several others agreed to engage in a counterfeiting operation. Yarns provided some money for buying a printing machine and supplies, went to Kansas City to make the purchases, rented a trailer, and moved the printer to White's farm. Yarns, however, testified that he did not know about the counterfeiting scheme but, for $200, had transported the equipment from Kansas City to White's farm. He claimed that he learned of the illegal plan only when another participant, Jeffrey Miles, told him about it on the day before it was uncovered. Miles, who pleaded guilty, corroborated Yarns's story, while White and two other witnesses, all of whom had plea-bargained, testified against him.

At trial, Yarns made an offer of proof that White would deny knowing anything about certain past illegal activity allegedly associated with his farm, which included the firing of gunshots from White's house and the apparent discovery of stolen guns and goods on the farm. Yarns's counsel claimed that he would demonstrate that White's denials were false, which would establish a pattern in White's testimony of false denials of knowledge of illegal events. This, according to Yarns, would impeach White's denials of knowledge of the counterfeiting scheme. The result would be that the jury would infer that White was deeply involved in the counterfeiting ring and had saved himself from stiff punishment only by shifting the blame from himself to Yarns. The District Court refused to permit this cross-examination.

Yarns claims that the offered testimony was admissible under Fed.R.Evid. 404(b) and 608(b) and that the Court abused its discretion by excluding it. See *United States v. Nabors*, 761 F.2d 465, 471 (8th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 148, 88 L.Ed.2d 123 (1985) (abuse of discretion standard governs determinations under Fed.R.Evid. 404(b)); *United States v. Bentley*, 706 F.2d 1498, 1510 (8th Cir.), *cert. denied*, 464 U.S. 830, 104 S.Ct. 107, 78 L.Ed.2d 110 (1983) (similar standard under Fed.R.Evid. 608(b)). We find no abuse of discretion. Assuming *arguendo* that the proffer satisfied the other requirements for

---

* The Hon. Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The Hon. John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

admission under these rules, see *Nabors,* 761 F.2d at 470–71; *Bentley,* 706 F.2d at 1510, the evidence was excludable for the reasons enumerated in Fed.R.Evid. 403. The probative value of the evidence was limited to attacking White's credibility. Even this value was speculative, because it depended on Yarns's weaving together several other speculative propositions, such as showing White's denials to be false and establishing a pattern in White's testimony that could lead a jury to doubt his denials of knowledge regarding the counterfeiting operation. Even if this were successful, it would have shown only that White had engaged in the conspiracy, which is something the jury already knew. Tr. I:92. Weighing these considerations against the fact that the evidence would have been time-consuming and might have confused the issues, we think the District Court was amply justified in excluding the examination. Yarns was not entitled to lead the Court and jury on an excursion into past incidents that were connected to the conspiracy prosecution only by the slender thread of his tenuous impeachment theory.

## II.

Before his arrest, Yarns allegedly told White that, if arrested, he could "look the judge in the eye and make him think he was telling the truth" because he was a good liar. Yarns also repeated a boast that he often made, that he could win a liar's contest that apparently is held in Minnesota. Finally, he told White an alibi that he had fabricated to extricate himself from liability in the event he was arrested. After Yarns denied making these statements during cross-examination, the government recalled White to testify to them. Yarns claims that admitting White's rebuttal testimony was reversible error. We disagree. These statements were admissions of a party-opponent and hence admissible under Fed.R.Evid. 801(d)(1). Yarns claims that they should have been excluded under Fed. R.Evid. 403 because their probative value was outweighed by the prejudice they caused him. We do not think that the District Court abused its discretion by ad-

mitting these statements; their probative value was extremely high because they went directly to the issue of Yarn's veracity with respect to the very events involved in the prosecution. Of course these admissions may have been very damaging to Yarns's defense, but this prejudice would only be the consequence of the high probative value of the admissions and would not have required exclusion under Rule 403 in these circumstances.

Finally, Yarns argues that White's testimony regarding these statements constituted extrinsic evidence of specific conduct which is improper under Fed.R.Evid. 608(b). We also reject this argument. The testimony showed that Yarns uttered certain statements, not that he engaged in specific conduct.

Affirmed.