989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Duane R. JACKSON, Appellant,
v.
C. DANZY; Morris H. Dreher; G. Evans; Leonard Evans;
Marvin Evans; Oscar Fuller; Danny Heflin; Floyd B.
Johnson; Marshall Macy; Bill Marks; James Mason; Henry
Masters; David C. McClinton; Randall Morgan; Larry Norris;
R. O'Neal; R.D. Perry; B. Pulver; Harry D. Rhodes; Bobby
L. Roberts; Nancy E. Talburt; Woodson D. Walker; PHP
Healthcare Corporation; A.L. Lockhart, Appellees.
 No. 92-1869.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 18, 1993.
Filed: March 8, 1993.
 
 Before McMILLIAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Duane Jackson is an inmate at the Arkansas Department of Corrections (the Department). In this case, he is suing various officials and employees of the Department; the Department's healthcare provider, PHP Healthcare Corporation (PHP); and three of PHP's employees. Jackson claims that his civil rights were violated and he seeks relief pursuant to 42 U.S.C. § 1983. This appeal arises from the district court's[1] denial of Jackson's mistrial motion. The motion was based on the purportedly improper cross-examination of Jackson. Because we find the district court did not abuse its discretion in originally overruling appellant's objections to the cross-examination and in later denying the motion for mistrial, we affirm.
 
 
 2
 In June of 1987, Jackson injured his right hand and a cast was placed on it. In his original complaint, Jackson contended that he was placed on a limited duty script, by a PHP employee, which permitted him to work using only one hand. According to Jackson, the PHP employee told him that if he used both hands while working, a major disciplinary would be issued against him. Later, Jackson alleged he was ordered, by a correctional officer, to use both his hands while doing field work. When he refused, a major disciplinary was issued against him by the correctional officer. After that, Jackson alleges, he did use both hands while working. Furthermore, according to Jackson, the PHP employee then issued a major disciplinary against him for using both hands. Jackson maintained that he was placed in a classic "Catch 22" situation by being punished both for not using his injured hand and for using it as well.
 
 
 3
 The evidence at the trial, however, did not support Jackson's version of the facts. Rather, the evidence showed Jackson was given a major disciplinary by the correctional officer on the first occasion for refusing to do even one-handed work. Further, the evidence showed that after being ordered not to use both hands on a second occasion, Jackson intentionally used both hands because he was angry about not receiving a medical "lay-in." He then received a second major disciplinary for violating his limited duty script. A jury ultimately returned a verdict in favor of the defendants.
 
 
 4
 Although the evidence was overwhelmingly against Jackson's theory of the case, he contended at trial he was ordered to use both hands and he ultimately did so because he feared further disciplinaries for refusing an order. Therefore, an important issue in the case became why Jackson had used both hands in performing his work. Jackson maintained he was ordered to do so, and he complied because he wished to avoid disciplinaries. On his cross-examination of Jackson, the Department's lawyer sought to discredit this testimony by showing that in the past Jackson had not been afraid of getting disciplinaries and had received many for refusing to work. The cross-examination sought to show Jackson's alleged desire to avoid disciplinaries could not have been a legitimate motivating factor. The Department's attorney attempted to impeach the witness' credibility by asking Jackson whether he had ever been convicted of failing to turn out for work and whether he had ever received disciplinaries for that offense in the past. Jackson's attorney objected that this was improper questioning under Federal Rule of Evidence 608(b). The court overruled the objection. Shortly thereafter, Jackson made a motion for mistrial, again arguing the cross-examination was improper under Federal Rules of Evidence 608(b), 609, and 404. The court denied the motion and it is from the denial that Jackson appeals.
 
 
 5
 We review the trial court's decision to overrule the objection for abuse of discretion. See United States v. Yarns, 811 F.2d 454, 455 (8th Cir. 1987) (abuse of discretion standard governs determinations under Fed. R. Evid. 608(b) and 404(b)). "The plain language of Rule 608 gives the district court discretion in allowing inquiry into specific instances of conduct if the conduct is probative of truthfulness or untruthfulness." United States v. Amahia, 825 F.2d 177, 180 (8th Cir. 1987). In determining the extent of proper cross-examination under Rule 608, the trial court considers the question's relevance to honesty and veracity and its prejudicial impact. Id. at 180-81; United States v. Daniele, 886 F.2d 1046, 1054 (8th Cir. 1989). The court in its discretion may allow impeachment of a witness by cross-examination concerning specific acts if the conduct related to the witness' character for truthfulness or untruthfulness. United States v. McLaughlin, 777 F.2d 388, 392 (8th Cir. 1985); United States v. Dennis, 625 F.2d 782, 798 (8th Cir. 1980). Furthermore, counsel should be given wide latitude in the cross-examination of witnesses in areas affecting credibility. United States v. Pfeiffer, 539 F.2d 668, 671 (8th Cir. 1976); see also United States v. Casamayor, 837 F.2d 1509, 1514 (11th Cir. 1988) ("The discretion afforded the trial court is especially broad when it comes to controlling cross-examination for impeachment purposes."), cert. denied, 488 U.S. 1017 (1989).
 
 
 6
 We hold that the trial court did not abuse its discretion in this case. The cross-examination inquired into specific instances of conduct to impeach Jackson's credibility. These instances were probative of Jackson's truthfulness because they were directly related to his in-court claim that he was motivated by a desire to avoid disciplinaries. The trial court was clearly within its discretion in allowing the cross-examination.
 
 
 7
 With regard to Jackson's further arguments, we hold that Rule 609 is inapposite because this was not a situation involving impeachment by evidence of a criminal conviction. It involved only prior instances of citations for disciplinary violations in correctional facilities. Furthermore, Rule 404(b) has not been violated because the inquiry on cross-examination about specific acts went directly to Jackson's motive. Finally, for the reasons already discussed, we hold that the district court did not abuse its discretion in denying Jackson's motion for a new trial. See United States v. Powell, 771 F.2d 1173, 1175 (8th Cir. 1985) ("The grant or denial of a motion for mistrial is placed in the sound discretion of the district court and may only be reversed upon a showing of abuse of discretion.").
 
 
 8
 The rulings of the district court are affirmed.
 
 
 
 [1]
 The Honorable John F. Forster, Jr., Magistrate Judge, United States District Court for the Eastern District of Arkansas. The parties consented to allow the magistrate judge to conduct all proceedings. See 28 U.S.C. § 636(c)