46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Carla CARTON, Plaintiff-Appellant,
v.
MISSOURI PACIFIC RAILROAD COMPANY; Union Pacific Railroad
Company, Defendants-Appellees.
 No. 94-1974.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 15, 1994.
Filed: Jan. 9, 1995.
 
 Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, Circuit Judge, and REAVLEY,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Carla Carton sued Missouri Pacific Railroad Company and Union Pacific Railroad Company ("the railroads") for tortious interference with contractual relations and intentional infliction of emotional distress.[1] The district court entered judgment for the railroads after a directed verdict in favor of Union Pacific and a jury verdict in favor of Missouri Pacific. On appeal Carton complains that the district court erred in denying leave to amend her complaint and in excluding certain evidence. We affirm.
 
 
 2
 The suit is based on alleged actions of the railroads in connection with a separate negligence suit Carton had filed against Missouri Pacific. The negligence suit alleged injuries from a slip and fall Carton suffered on Missouri Pacific premises. The negligence suit was tried in state court, and a jury verdict and judgment in favor of Missouri Pacific was affirmed by the Arkansas Supreme Court. Carton v. Missouri Pacific R. R., 865 S.W.2d 635 (Ark. 1993).
 
 A. Denial of Leave to Amend
 
 3
 Carton first complains that the district court erred in denying her leave to amend her complaint. In her original complaint she raised general claims of interference with contractual agreements and intentional infliction of emotional distress,[2] as well as some specific incidents allegedly occurring prior to trial of the negligence suit. The specific incidents included hiring plaintiff's expert "on a grand scale" after they took his deposition, contacting another expert and telling him he wouldn't get paid, and contacting a lay witness and making disparaging remarks about Carton's counsel. At trial an attorney for Missouri Pacific admitted contacting the second expert and the lay witness, but stated that he was only trying to arrange their depositions and disputed Carton's version of the content of those communications. The amended complaint sought to include allegations of incidents occurring during trial of the negligence suit and after the filing of the original complaint in the pending case. The amended complaint also raised allegations of an unrelated suit in which defendants' counsel had been sanctioned for improper communications with witnesses, and added a jury trial demand.
 
 
 4
 The district court denied leave to amend, but granted Carton's request for a jury trial. In denying leave to amend, the court reasoned, inter alia, that the plaintiff did not appear to be stating any new causes of action, but was instead seeking to add allegations of additional incidents "to show a pattern of conduct on the part of defendants." The court stated that it was not ruling on the admissibility of these incidents.
 
 
 5
 Carton fails to demonstrate that she was prejudiced by the denial of leave to amend. A plaintiff is not required to set out in her complaint every factual incident upon which she bases her cause of action. Instead, the complaint need only set out "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Harmless errors of the trial court are not grounds for reversal. FED. R. CIV. P. 61. The error, if any, in denying leave to amend did "not affect the substantial rights of the parties," id., and therefore was harmless.
 
 B. Evidentiary Rulings
 
 6
 Carton next complains that the district court erred in excluding evidence of defendants' contact with Carton's psychotherapist, Betty Bessent, and with a juror. Carton contends that under her tort of outrage cause of action these incidents were tortious in themselves or were admissible to show a pattern or course of conduct under Federal Rules of Evidence Rule 404(b).
 
 
 7
 As best we can glean from the record and the briefs, Carton contends that during the negligence trial defense counsel had a "private ex parte conversation over lunch with plaintiff's psychotherapist at the restaurant around the corner from the courthouse in front of the plaintiff and jurors hearing the case in state court." Appellant's brief at 27. The railroads contend that (1) Ms. Bessent was not a psychotherapist but was a social worker who had referred Carton for psychiatric evaluation,[3] and (2) the defense in the first trial had subpoenaed this social worker and had a right to talk to her.
 
 
 8
 Although Carton claims that she had the psychotherapist available to testify as well as an expert witness available to testify regarding this incident, she points to no place in the record where an offer of proof was made regarding this alleged incident. We are left to speculate as to what might have been established by evidence regarding the circumstances of the lunch, the communications that took place, the status of Ms. Bessent as Carton's psychotherapist versus social worker, Carton's knowledge of and reaction to the incident, and indeed whether the lunch even occurred. Under Federal Rules of Evidence Rule 103 error may not be predicated on the exclusion of evidence unless there is an offer of proof providing the substance of the excluded evidence. The offer must express "precisely the substance of the excluded evidence," which counsel accomplishes "by stating with specificity what he or she anticipates will be the witness' testimony" or by putting the witness on the stand. Strong v. Mercantile Trust Co., 816 F.2d 429, 432 & n.4 (8th Cir.1987), cert. denied, 484 U.S. 1030 (1988).
 
 
 9
 An offer of proof was made regarding the incident with the juror in the state trial.[4] It involved a communication between a juror and a paralegal working for the defense during the trial. Both the juror and the paralegal testified during the offer of proof. The paralegal testified that the juror in question is married to her second cousin. During the trial the paralegal thought she recognized the juror and asked who she was. The juror said that she was married to the paralegal's cousin and showed the paralegal a picture of her son. The two had only met once or twice in the past. There was no discussion of the case. The juror testified that she spoke to the paralegal first, did not know that the paralegal was involved in the trial, and did not remember showing any pictures. The juror immediately contacted the judge and the court decided that she need not be excused. She stated that the conversation did not affect her feelings about the case.
 
 
 10
 We cannot say that the court erred in excluding this evidence. First, this evidence would not support a cause of action for intentional infliction of emotional distress. Under Arkansas law:
 
 
 11
 [ O]ne is subject to liability for outrage if he or she willfully or wantonly causes severe emotional distress to another by extreme and outrageous conduct: conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society. Furthermore, the emotional distress for which damages may be sought must be so severe that no reasonable person could be expected to endure it.
 
 
 12
 Ross v. Patterson, 817 S.W.2d 418, 420 (Ark. 1991). The court also noted that it takes "a very narrow view of claims for" this tort. Id. The conversation between the paralegal and the juror simply does not rise to the level of conduct required to support a claim under this tort.
 
 
 13
 Second, "[e]vidence is admissible under Rule 404(b) if it is relevant to a material issue, proved by a preponderance of the evidence, its probative value is not outweighed by its potential for prejudice, and it is similar in kind and close in time to the event at issue." King v. Ahrens, 16 F.3d 265, 268 (8th Cir. 1994). District court rulings on evidence under Rule 404(b) are reviewed for abuse of discretion. United States v. Yarns, 811 F.2d 454, 455 (8th Cir. 1987). We find no abuse of discretion. The district court could have reasonably concluded that the evidence was irrelevant to the intentional infliction of emotional distress claim and was dissimilar to the other alleged incidents, since the paralegal and the juror described the conversation as innocuous and unplanned, it involved a paralegal rather than an attorney, and it involved no discussion of the case.
 
 
 14
 Carton finally complains that the district court erred in denying her counsel the opportunity to cross-examine an attorney witness regarding the canons of ethics. The attorney, who had tried the state negligence suit for Missouri Pacific, was called as an adverse witness. He testified that he called plaintiff's expert to arrange his deposition. When the expert asked why he was being brought into the case at such a late date, the attorney told him that the original expert had not been paid. After the attorney's testimony regarding his contact with the expert, he was asked about his familiarity with the Canons of Ethics. The court sustained an objection at that point. The record indicates that Carton's attorney was attempting to ask the witness about Rule 3.4 of the Model Rules of Professional Conduct.[5] The next day, when the attorney stated that contact with the other attorney's witnesses does not violate any rules, Carton's attorney again attempted to examine him on the Code of Professional Conduct, and the court again cut off this examination.
 
 
 15
 "In ruling on the admissibility of evidence, the trial judge has a wide discretion, and his decisions will not be disturbed unless there is a clear and prejudicial abuse of discretion." Roth v. Black & Decker, U.S., Inc., 737 F.2d 779, 783 (8th Cir. 1984) (citations omitted). We find no prejudicial abuse of discretion. Carton does not show us on appeal that the attorney did in fact violate the Code of Professional Conduct, and does not explain how such a violation, even if it did occur, was important to her causes of action for tortious interference with contractual relations or intentional infliction of emotional distress. Neither cause of action depends on violations of a particular code of ethics. A similar issue arose in a legal malpractice case, where the Arkansas Supreme Court explained:
 
 
 16
 The trial court refused the introduction of the Model Rules of Professional Conduct. This was not error. The Rules are not designed for a basis of civil liability, but are to provide guidance to lawyers and to provide a structure for regulatory conduct through disciplinary agencies. No cause of action should arise from a violation, nor should it create any presumption that a legal duty has been breached.
 
 
 17
 Orsini v. Larry Moyer Trucking, Inc., 833 S.W.2d 366, 369 (Ark. 1992). Carton argues that the Code of Professional Conduct was relied on in Harlan v. Lewis, 982 F.2d 1255 (8th Cir.), cert. denied, 114 S. Ct. 114 (1993). However, that case involved the imposition of sanctions by the district court under its inherent power. Id. at 1259. It does not suggest that the Code is relevant to a plaintiff's cause of action in tort.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The HONORABLE THOMAS M. REAVLEY, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 The tort of intentional infliction of emotional distress is also know as the tort of outrage under Arkansas law
 
 
 [2]
 The original complaint alleged that "during the course of said [state] litigation said Defendants through their agents and representatives have intentionally and systematically interfered with Plaintiff's agreements with her expert witnesses and discouraged other witnesses from testifying in Plaintiff's behalf at the several proceedings during the history of that litigation," that "Defendant's agents have made statements to witnesses for the Plaintiff which were designed to interfere with the Plaintiff's agreement between herself and her counsel," and that "the aforesaid acts and efforts by the Defendants ... constitute interference with contractual agreements as aforesaid, intentional infliction of emotional distress, and tortious outrage against the Plaintiff...."
 
 
 [3]
 The railroads further contend that under Arkansas Evidence Rule 503, the psychotherapist-patient privilege restricting the disclosure of communications with a patient without the patient's consent does not extend to a social worker
 
 
 [4]
 In the appeal of the state court judgment, Carton complained that the state trial court erred in failing to dismiss the juror. The Arkansas Supreme Court rejected this argument. Carton, 865 S.W.2d at 642. We pretermit appellee's argument that the state court ruling operates as res judicata on this claim
 
 
 [5]
 Rule 3.4 provides that a lawyer shall not unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value, and shall not "request a person other than a client to refrain from voluntarily giving relevant information to another party."